JOHN P. ELMBORG *vs.* ST. PAUL CITY RY. CO.

Argued June 13, 1892. Decided Aug. 22, 1892.

**Exception to Charge Insufficient.**

An exception to certain portions of the charge of the court *held* insufficient.

**New Trial—Newly-Discovered Evidence.**

*Held,* further, that it was not error for the court below to refuse a new trial on the ground of newly-discovered evidence.

Appeal by plaintiff, John P. Elmborg, from an order of the District Court of Ramsey County, *Kelly, J.,* made October 20, 1891, refusing a new trial.

This action was brought by the plaintiff against The St. Paul City Railway Company, to recover $10,000 for personal injuries received by him, alleged to have been caused by the sudden and negligent starting of one of defendant's cable trains, after plaintiff had been received as a passenger thereon, and after he had reached

the steps in getting on one of the cars. The complaint alleges that on February 21, 1891, at or near the northwest corner of Arcade and Seventh streets, St. Paul, the cable train stopped at plaintiff's signal, to let him on, and that when he had reached the front part of the rear car and had seized the handrails or stanchions upon the platform and had placed his foot upon one of the steps of the car, the defendant negligently, and without notice or warning, set its car in motion, so that the plaintiff was without fault or negligence on his part, violently thrown down against the side and steps of the car, and dragged ten feet or more, whereby he was greatly injured. The answer denies that plaintiff's injuries were serious, or that they were caused by any fault, neglect, misconduct, or violation of duty on the part of defendant, and alleges that they were caused wholly by plaintiff's negligence in attempting to get on board the cars while they were in motion, and at an unusual and improper place.

On the trial, the defendant introduced testimony tending to show that the plaintiff was injured in attempting to board the train while in motion, and before it reached the regular stopping place at the west side of Arcade street, and also evidence of admissions made by plaintiff at the time of the accident.

The court, in its charge, pointed out the weight to be attached to admissions made at the time of the occurrence. Counsel for plaintiff made the following exception to the charge: "Plaintiff excepts to the definition of ordinary care, and also in regard to the admissions." The jury found a verdict for the defendant. A motion was made for a new trial, on the grounds, among others, of accident and surprise, and newly-discovered evidence. The last ground was supported by the affidavits of Gustaf Molin and Ole M. Mattson, who claimed to have been present at the time of the accident, and the affidavits of plaintiff and his attorney attempting to show diligence. Opposed was the affidavit of defendant's claim agent, to the effect that plaintiff knew of Molin's presence at the accident, and that Molin was subpoenaed as a witness at the trial. The motion was denied, and plaintiff appealed.

*G. J. Lomen,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

PER CURIAM.     1. We are unable to discover that the charge of the court to the jury was not strictly correct, and especially on the points argued by appellant's counsel; but, in any event, his exception "to the definition of ordinary care, and also in regard to the admissions," fell far short of calling attention to any real or supposed error in the charge.     To cite authorities on this would be superfluous.

2. The affidavits used by plaintiff in support of his motion for a new trial on the ground of newly-discovered evidence were justly open to the assertion made by the court below that due diligence had not been shown, and that the proposed new evidence was cumulative only.     On the hearing of the motion, it stood admitted that long before the trial the plaintiff knew that the affiant Molin was present when the accident occurred, and had so informed defendant's claim agent, who, on the strength of this information, had compelled Molin's attendance as a witness at the trial.     He was not examined by either party, probably because he did not see anything that transpired until after plaintiff had received the injuries and was lying on the ground.     At most, his testimony would simply tend to show where plaintiff fell.     The real controversy here was as to the manner of the accident, and not whether it occurred a few feet east, or a few feet west, of Arcade street.     The proposed testimony of affiant Mattson was clearly valueless.

Order affirmed.

(Opinion published 52 N. W. Rep. 969.)